UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 24-224 |
| | : | |
| ALBI FURXHIU | : | |

**DEFENDANT'S APPEAL OF THE UNITED STATES MAGISTRATE JUDGE'S ORDER OF DETENTION PENDING TRIAL**

Defendant, by and through his undersigned counsel hereby appeals the United States Magistrate Judge's order of detention pending trial.

**I.  INTRODUCTION**

The Defendant, Albi Furxhiu, is charged with robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a) (two counts); armed bank robbery, in violation of 18 U.S.C. § 2113 (d) (one count); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (two counts).

Under 18 U.S.C. § 3142(e)(3)(B), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as requested and the safety of the community. However, the statutory presumption can be overcome if the Defendant can present "credible evidence" at his detention hearing that he will appear as required and that he will not pose a risk of danger to the community upon release. *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (*per curiam*). If the defendant has made the

requisite showing, "the burden then shifts back to the government either to prove by a preponderance of the evidence that he is a risk of flight, or to prove by clear and convincing evidence that he poses a danger to the safety of the community." *United States v. Mastrangelo*, 890 F. Supp 431, 436 (E.D. Pa. 1996) (citing *United States v. Hilmer,* 797 F.2d 156, 161 (3d Cir. 1986)). Here the defendant presented credible evidence at his detention hearing that he would appear as required and does not pose a risk of danger to the community.

## II.   THE DEFENDANT IS NOT A DANGER TO THE COMMUNITY

Mr. Furxhiu has no prior criminal history. He was arrested by Philadelphia Police on March 14, 2024. At the first preliminary hearing listing on April 1, 2024, bail was reduced and the Defendant was released to house arrest. On April 2, 2024, the Defendant's bail was posted and he was subsequently released to house arrest.

Notably, while on house arrest the Defendant appeared in court as directed, did not engage in criminal behavior and fully complied with all house arrest conditions. Counsel spoke to the Defendant's house arrest supervisor who stated that the Defendant presented himself very well at all in-person meetings and was well behaved while on supervision.

During his time on house arrest pending trial in state court, the Defendant did not flee, nor engage in illegal activity nor acquire any additional firearms. In fact, during this time frame, the Defendant was getting help; he sought and received assistance for mental health, substance abuse, and gambling addiction treatment.

## III.  DEFENDANT'S PERSONAL BACKGROUND AND TIES TO THE COMMUNITY

Albi Furxhiu is a single parent of two young children (ages 5 and 8) since the tragic suicide death of his children's mother approximately two years ago. He has a very good work

history and previously owned a successful restaurant in South Philadelphia. He has strong ties to Philadelphia and a very supportive family.

The Defendant's family will post the following properties, the value of which far exceeds $1 million, to ensure his appearance in court and his compliance with all conditions of release:

1. 2843 South Warnock Street, Philadelphia, PA;
2. 217 Tasker Street, Philadelphia, PA;
3. 1540 Down Street, Media, PA;
4. 1520 McKean Street, Philadelphia, PA;
5. 2833 South Warnock Street, Philadelphia, PA;
6. 2848 South Alder Street, Philadelphia, PA;
7. 934 Mountain Street, Philadelphia, PA;
8. 1902 South Jessup Street, Philadelphia, PA.

It is doubtful that Mr. Furxhiu would flee or violate any condition of release and thereby risk forfeiture or eviction of property owned by family members.

**IV.  LEGAL ARGUMENT IN SUPPORT OF MR. FURXHIU'S RELEASE**

In this case, which involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed due to being charged with "an offense under 18 U.S.C. section 924(c)," there is a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)-(B).  To rebut this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559,560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *U.S. v. Chagra*, 850

F.Supp. 354, 357 (W.D. Pa. 1994). The Court must consider the factors delineated in 18 U.S.C. § 3142(g) to determine whether the defendant rebutted the presumption of detention, including:

1. the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or is a crime involving a firearm;
2. the weight of the evidence against the defendant;
3. the history and characteristics of the defendant, including (a) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (b) whether at the time of the current offense, the defendant was on probation or completion of a sentence for an offense under Federal, State, or local law; and
4. the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

18 U.S.C. § 3142(g).

"If the defendant rebuts the presumption, the burden of persuasion remains with the government." *Chagra*, 850 F.Supp. at 357 (citing *United States v. Alatishe*, 768 F.2d 364, 371(D.C. Cir. 1985)). The Government is then required to prove (1) that the defendant poses a flight risk by a preponderance of the evidence; or (2) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *United States v. Kolonis*, No. 2:20-cr-146, 2020 WL 5253192, *3 (W.D. Pa. Sept. 3, 2020). The § 3142(g) factors again guide the Court's analysis of whether the government has met its burden.

Here, there exist release conditions to allay any concern about Mr. Furxhiu's risk of flight or danger to the community. Mr. Furxhiu's family pledged eight (8) properties, as collateral to

ensure his compliance with all conditions of pretrial release and to secure his appearance in court. Mr. Furxhiu has a history of doing well on house arrest with electronic monitoring and if released on electronic monitoring and home incarceration, any violation of his conditions of release can result in the Court entering a judgment against all eight (8) properties. Mr. Furxhiu will not obtain any weapons or firearms.

The Government cannot meet its burden of proof in this case for several reasons. Mr. Furxhiu does not pose a danger to the community as evidenced by his behavior while on pre-trial house arrest. Mr. Furxhiu has no incentive to flee. He would not flee and risk a judgment against the eight properties that his family and friends are willing to post as collateral. Mr. Furxhiu's conduct in this case was the result of severe trauma, depression, and substance abuse. Today he is sober and under medical care for his mental health (See attached letter from Dattilio). Pretrial services recommended that the Defendant be released with conditions.

In light of the above, it is requested that Defendant's Appeal be granted and the following conditions be imposed which will certainly secure his appearance and protect the community:

    i.    Defendant is released on bail in the amount of $1,000,000.00 secured by the above-listed properties;

    ii.    Defendant is placed on home incarceration with electronic monitoring at 1902 South Jessup Street;

    iii.    Defendant shall report as directed to Pretrial services;

    iv.    Defendant shall attend mental health services and addiction services under the guidance and supervision of Pretrial Services;

    v.    Defendant shall submit to random drug testing as directed by Pretrial Services;

      vi.    Defendant shall refrain from excessive use of alcohol or from any use of narcotic drug or other controlled substance.

      vii.    Defendant shall undergo drug/alcohol treatment if necessary as determined by Pretrial service.

      ix.    Defendant shall not apply for or renew a United States Passport;

      x.    Travel is restricted to the Eastern District of Pennsylvania

      xi.    Defendant shall surrender and/or refrain from obtaining any firearms.

      xii.    Defendant shall have no contact with co-defendants, potential witnesses in this case or individuals engaged in any criminal activity.

In consideration of Mr. Furxhiu's history and characteristics and the nature and circumstances of this case, credible evidence was presented that there are conditions of release which guarantee his appearance in this matter and the safety of the community, and as such, the Defendant has overcome the rebuttable presumption against his pretrial detention. The government has not met its burden to prove by clear and convincing evidence that there are no conditions of release which would guarantee the appearance of the Defendant in this case. The government has not met its burden to prove by clear and convincing evidence that Mr. Furxhiu presents a danger to the community. It is unlikely that the Defendant will perpetrate crimes while released even without conditions and much less likely that he will with very strict conditions currently in place.

### V. CONCLUSION

In light of the above, this Court should release the defendant with conditions as recommended herein and by Pretrial Services.  For the reasons discussed above and the

evidentiary support, Mr. Furxhiu urges the Court to grant his appeal of the United States Magistrate Judge's Order of detention pending trial.

                                                  Respectfully submitted,

                                              ____/s/_____  
                                              GREGORY J. PAGANO, ESQUIRE  
                                              Attorney for Defendant, Albi Furxhiu  
                                              1315 Walnut Street, 12th Floor  
                                              Philadelphia, PA 19107  
                                              215-636-0160  
                                              E-Mail:  gpagano@paganolaw.net

Dated: June 18, 2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 24-224 |
| | : | |
| ALBI FURXHIU | : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Appeal has been served upon AUSA Nicholas Freeman , U. S. Attorney's Office, 615 Chestnut Street, Philadelphia, PA l9106, via the Court's Electronic Filing System.

_____/s/_____
GREGORY J. PAGANO, ESQUIRE