IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 24-224 |
| **ALBI FURXHIU** | : | |
| | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Nicholas E. Freeman, Special Assistant United States Attorney, respectfully files this sentencing memorandum regarding defendant Albi Furxhiu.

**I.      BACKGROUND**

On June 11, 2024, a federal grand jury sitting in the Eastern District of Pennsylvania returned a five count indictment against the defendant, Albi Furxhiu, charging him with two counts of robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a) (Count One and Count Three); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Five); and two counts of carrying, using and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two and Count Four). On June 18, 2025, Furxhiu pled guilty to Counts One, Two, Three and Five of the indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the parties agree to jointly recommend a sentence of 144 to 168 months' imprisonment, a 5-year period of supervised release, restitution of $7,819, and a fine as the Court may deem appropriate.  At sentencing the Government

will move to dismiss Cout Four of the indictment. A sentencing hearing has been scheduled for September 29, 2025, at 2:30 p.m., before the Honorable Joel H. Slomsky, U.S.D.J.

The government explains below its view of the proper considerations in this case of the advisory guideline range and of the Section 3553(a) factors, which support a sentence of 168 months' imprisonment, a 5-year period of supervised release, restitution of $7,819 and a $400 special assessment.

## II.     FACTS OF THE CASE

The government concurs with the factual background contained in "the Offense Conduct" section of the presentence investigation report (PSR) prepared by the Probation Office, which is adequately detailed and accurately summarized. PSR pp. 5-7. Restitution of $7,819 is applicable in this case. PSR pp. 7 and 21.

## III.    LEGAL STANDARD

This Court must follow a three-step process when sentencing a defendant: (1) calculate the defendant's guideline sentence, (2) formally rule on any departure motions and state how any departure affects the defendant's guideline calculation, and (3) exercise discretion by separately considering the relevant factors outlined in 18 U.S.C. § 3553(a) when setting the sentence they impose. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent § 3553(a) factors in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)'

and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which supports a sentence of 168 months' imprisonment, a 5-year period of supervised release, restitution of $7,819 and a $400 special assessment.

## IV.   SENTENCING CALCULATION

### A.   Statutory Maximum and Mandatory Minimum Sentence

The maximum and mandatory minimum statutory sentence that this Court can impose is:

Count One and Three (robbery which interferes with interstate commerce): 20 years' imprisonment, 5 years of supervised release, a $250,000 fine, and a $100 special assessment.

Count Two (carrying, using and brandishing a firearm during and in relation to a crime of violence): life imprisonment, a 7-year mandatory minimum term of imprisonment consecutive to any other sentence imposed, a 5-year period of supervised release, a $250,000 fine, and a $100 special assessment.

Count Five (armed bank robbery): 25 years' imprisonment, 5 years of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum and Mandatory Minimum Penalty: life imprisonment, a 7-year mandatory minimum term of imprisonment consecutive to any other sentence imposed, a 5-year period of supervised release, a $1,000,000 fine, and a $400 special assessment. Full restitution of $7,819 shall also be ordered. Forfeiture of the firearm, ammunition, and the proceeds of the crime also may be ordered. PSR pp. 1-2.

**B.      Sentencing Guidelines Calculation**

In the presentence report, the probation officer correctly determined each robbery (Counts One, Three, and Five) represents a distinct harm and are grouped separately. The probation officer also correctly determined that under the sentencing guidelines the adjusted offense level for Group 1 (Count One and Count Two) is 20, the adjusted offense level for Group 2 (Count Three) is 26, and the adjusted offense level of Group 3 (Count Five) is 28. PSR pp. 8-9.  The probation officer also correctly determined that under § 3D1.4(a), (b) and (c) the greater adjusted offense level is 28, and that an increase in offense level of 3 is warranted based the multiple count adjustment. The probation officer also correctly determined that the combined adjusted offense level is 31. PSR pp. 9-10. The government also agrees that subtracting a total of three levels for acceptance of responsibility (2 levels), and the defendant's timely notification of his intention to plead guilty (1 level) is appropriate.  PSR p. 10.  The government also agrees that the total offense level is 28. PSR p. 10.

The defendant has no prior adult convictions and has a criminal history score of zero establishing a criminal history category of I. PSR p. 10.

The government agrees that the applicable guideline range for an offense level of 28 and a criminal history category of I is 78 to 97 months' imprisonment. The government also agrees that Count Two requires a mandatory minimum sentence of 84 months' to be imposed consecutive to any other term of imprisonment making the effective guideline range 162 to 181 months' imprisonment.  PSR p. 19 and USSG Sentencing Table.

V.  **GOVERNMENT'S RECOMMENDATIONS CONCERNING SENTENCING**

    A.  **Sentencing Factors**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the parties' recommended sentence is an appropriate sentence in this case. The Court must consider all of the sentencing considerations set forth in § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

    B.  **Application**

The relevant § 3553(a) factors will be discussed in turn.

        1.  **The Nature and Circumstances of the Offense**

These were extraordinarily serious offenses which could easily have led to serious bodily injury or the loss of life. Notwithstanding the defendant's lack of any prior criminal history, he caused great harm which requires punishment. This was not an isolated event where he made a spur of the moment decision which was out of character. This was a conscious choice that he made on three separate occasions to arm himself with a firearm, go to places of business, brandish

a firearm and take money. The defendant is clearly a danger to the citizens of Philadelphia, and the Eastern District of Pennsylvania.

### 2. The History and Characteristics of the Defendant

The defendant is a 34 -year-old male from Philadelphia who was born in Albania. He has one older brother.  He was raised in Albania until he was nine years old during a time of civil unrest. He was witness to crime and violence during that time.  During a year's long period of time his home only had running water and electricity for two hours a day. His father came to the United States in 1995 and he arrived in Philadelphia with his mother in 2000.  He became a naturalized citizen in 2010.  PSR p. 12.

He is a high school graduate who has taken 21 college credits earning a 0.890 GPA. PSR p. 16.  He has a long history of gainful employment mostly in the restaurant business and is currently employed.  PSR p. 16.  From May 2017 through May 2022, he operated a restaurant with his cousin and was allegedly pushed out. There is a civil case pending in the Court of Common Pleas regarding this dispute. PSR p. 17. He worked for his brother from November 2022 through March 2024 and was terminated due to an argument with his brother over his position, showing up late to work smelling of alcohol and stealing $1000 from a safe.  PSR p. 17.  Although he does have substantial positive work history, the presentence investigation shows a man who has had multiple issues at work.  In addition to his issues with his brother and cousin he was fired from Café' Aldo Lamberti in Cherry Hill, N.J. for his involvement in a fist fight with a co-worker. PSR p. 17.

The defendant is single father of two children aged four and six. He, and his children, currently live with his parents. His mother is heavily involved in caring for the children. His wife,

the mother of his children died by suicide in October 2022. She shot herself in front of the defendant using his firearm. PSR p. 12.

The defendant is healthy with no chronic physical health conditions. PSR p. 13. He does have mental health conditions and substance abuse issues which are detailed in the presentence report. The defendant admitted to experiencing suicidal ideations over the last several years and claimed that his use of drugs and alcohol influenced his thinking and behavior during the instant offenses. He told the probation officer that "I just didn't want to live anymore." It was in this mindset that the defendant reportedly developed his "suicide by cop" idea that he claimed he was exercising when he committed the instant offenses. PSR pp. 14 -16.

Very concerning to the government is what was described as "some delusional thinking and transient ideas of grandiosity" (PSR p. 14), which combined with his substance abuse issues (PSR p. 16), a gambling problem (PSR p. 15) and penchant for firearms are a dangerous mixture. The defendant reported to probation he was self-taught in firearms and marksmanship. He bought a FNH FNP-45, .45 caliber semiautomatic pistol bearing serial number 61DZM04305, 10 days after his wife died using his gun. When he was arrested, he was in possession of the FNH FNP-45, firearm, loaded with 14 live rounds. He admitted to using this firearm while committing these robberies. During the execution of a search warrant at his house, three assault style rifles, one shotgun, magazines, and bulk ammunition were recovered. PSR p. 16. It appears that despite having what he described as a favorable upbringing absent any physical, sexual or emotional abuse," (PSR p. 12) he chose to commit these violent crimes.



### 3. The Need for Sentence Imposed to Reflect Seriousness of the Offense, Promote Respect for Law, and Provide Just Punishment

There is a strong need to impose a custodial sentence that reflects the seriousness of this offense, promotes respect for U.S. laws, and provides just punishment. The City of Philadelphia is plagued by gun violence, car jackings and robberies. It is imperative, therefore, that the defendant's conduct be punished accordingly for the armed robberies he committed in this case. The defendant's conduct in this case is especially egregious, as he brandished a firearm in each robbery.



SUNOCO Robbery



7-11 Robbery



TD BANK Robbery

During the 7-11 robbery there was a young child merely feet away. During the TD Bank robbery, he ordered all the innocent victims to the floor including customers. His actions endangered not only the innocent victims going about their daily lives but his own life. These acts support a lengthy sentence of imprisonment. A sentence of 168 months at the top of the agreed upon range will incapacitate him for a substantial period of time and appropriately punish him. It is the government's hope that this term of imprisonment in a federal institution and subsequent period of supervised release will instill respect for the law and reflect the seriousness of his actions upon the defendant, and protect the public.

### 4.    The Need for Adequate Deterrence and Protection of Public

The need for adequate deterrence of this type of crime is great. Given the prevalence of gun violence and violent crime in general in this region, the need to deter others from similar crimes is especially important. Furthermore, the recommended sentence protects the public from

further crimes by the defendant, for at least as long as he remains in prison. A sentence of 168 months' incarceration and a period of supervised release may deter the defendant from future crime, particularly gun crime. The defendant will effectively be under court related oversight for more than the next decade, which will aid in his deterrence. Facing the prospect of reincarceration for any violation, and potential future federal prosecution for any new offense, the defendant will, hopefully, begin to lead a law-abiding lifestyle. The requested sentence will also help deter others who might seek to perpetrate these types of crimes. The knowledge that these crimes are taken seriously by the government and involve real punishment, unlike what people have grown to expect in the state court, will significantly help deter similar behavior. Importantly based on the defendant's serious crimes which show a disregard for life, a sentence of 168 months will protect the public from his dangerous behavior for as long as he is incarcerated.

## 5. The Need to Provide the Defendant with Training, Medical Care or Correctional Treatment

There is no demonstrated need to adjust the sentence in order to provide the defendant with needed educational or vocational training, medical care or additional treatment that cannot be adequately addressed by the Bureau of Prisons during incarceration. Should the defendant wish to avail himself of the Bureau of Prisons', or U.S. Probation Office's, offerings for education, training, or treatment, the requested sentence will not inhibit those efforts.

## 6. The Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants

Adherence to the recommended guideline range is generally the best course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly-situated offenders. The government recommends that the Court impose a sentence of 168 months' incarceration which would be within the applicable guideline range of 162-181 months. Mr.

Furxhiu has proven to that he will not follow the law. The presentence report shows an individual who has delusional thoughts and transient ideas of grandiosity, who is a characteristically angry, conflicted and irritable man. He feels unfairly treated and is easily provoked to irritability or anger. He also struggles to "constrain or postpone offensive thoughts or malevolent actions." And he likes guns. He is a danger to the public and is deserving of a sentence at the top of the agreed sentencing range.

For all of these reasons, the government respectfully request the Court impose a sentence of incarceration of 168 months, a five-year period of supervised release, a $400 special assessment, restitution of $7,819 and a fine, if any, left to the discretion of the Court.

### 7. Restitution

Restitution of $7.819 is required.

## VII. CONCLUSION

For the reasons outlined above, the government submits that the recommended sentence is fair, appropriate, and sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

DAVID METCALF
*United States Attorney*


MAUREEN MCCARTNEY
*Assistant United States Attorney*
*Chief, Violent Crime Unit*


*/S/ Nicholas E. Freeman*
NICHOLAS E. FREEMAN
*Special Assistant United States Attorney*

Date:   September 22, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by electronic filing upon counsel for the Defendant:

Gregory J. Pagano, Esquire
Gregory J. Pagano, PC
1315 Walnut Street, 12th Fl.
Philadelphia, PA 19107
215-636-0164
gpagano@paganolaw.net

Brian J. McMonagle, Esquire
McMonagle, Perri, McHugh & Mischak
1845 Walnut Street, 19th Fl.
Philadelphia, PA 19103
215-981-0999
bmcmonagle@mpmpc.com

*Counsel for Defendant Albi Furxhiu*

/S/ *Nicholas E. Freeman*
NICHOLAS E. FREEMAN
*Special Assistant United States Attorney*

Date: September 22, 2025